

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00448-CV

---

IN THE INTEREST OF Z.F. AND Z.F., CHILDREN

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 84,679-E, Honorable Douglas Woodburn, Presiding

---

April 21, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is an appeal from the trial court's order terminating the parental rights of C.F. to his children, Z.F. and Z.F.[1] Counsel for C.F. has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Finding no arguable grounds for appeal, we grant counsel's motion to withdraw and affirm the trial court's judgment.

---

[1] To protect the children's privacy, we will refer to appellant and the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2013); TEX. R. APP. P. 9.8(b).

## Background

The Texas Department of Family and Protective Services filed pleadings alleging numerous grounds for termination of C.F.'s parental rights to his children, Z.F. and Z.F. The children were removed from the care of C.F. and the children's mother under an emergency order. They were later placed in the home of their maternal grandparents with whom they have a "really strong relationship."

C.F. was represented by appointed counsel during the proceedings. At the final hearing, counsel for C.F. informed the court C.F. had signed an irrevocable affidavit of voluntary relinquishment of his parental rights to Z.F. and Z.F.[2] The document bore C.F.'s signature as well as his initials on each page and included language notifying C.F. of the irrevocable nature of the relinquishment. The trial court accepted C.F.'s affidavit and after hearing further evidence terminated C.F.'s parental rights, finding by "clear and convincing evidence that [C.F.] has executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Texas Family Code, pursuant to § 161.001(1)(K), Texas Family Code."[3] The trial court also determined termination of the parent-child relationship between C.F. and the children was in their best interests.

C.F. filed a motion for new trial that was overruled by operation of law and this appeal followed.

---

[2] The mother of Z.F. and Z.F. also signed an affidavit of voluntary relinquishment of her parental rights to her children. The mother has not appealed.

[3] The trial court also filed findings of fact and conclusions of law supporting its order.

Analysis

Pursuant to *Anders,* C.F.'s court-appointed appellate counsel has filed a brief stating he has diligently reviewed the record and the applicable law and has concluded that, in his professional opinion, the record shows no arguably meritorious issue on which to appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) (the procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), C.F.'s counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served his brief, motion to withdraw and copy of the appellate record on C.F.; and (3) informed C.F. of his right to review the record and to file a *pro se* response. *See Kelly v. State,* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman,* 252 S.W.3d at 409 n.23. By letter, we also informed C.F. of his right to file a *pro se* response to his counsel's *Anders* brief and motion. *See In re Schulman,* 252 S.W.3d at 409. C.F. has not filed a response.

The United States Supreme Court has advised appellate courts that when the court receives a "frivolous appeal" brief, it must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S.

3

75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988).  We have reviewed the entire record and counsel's brief, and have found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford,* 813 S.W.2d at 509.

Family Code section 161.001(1)(K) permits a trial court to terminate the parent-child relationship if it finds by clear and convincing evidence that the parent has executed a valid, irrevocable affidavit of relinquishment of parental rights. TEX. FAM. CODE ANN. § 161.001(1)(K). The trial court did so here and the affidavit appears in the record.  We have reviewed the record under the requisite standards and conclude there are no arguably meritorious grounds on which to appeal with regard to the sufficiency of the evidence to support termination under section 161.001(1)(K).  *See In re C.H.,* 89 S.W.3d 17, 28 (Tex. 2005) (applicable standards in parental termination cases); *In re C.E.,* No. 02-14-00054-CV, 2014 Tex. App. LEXIS 8694, at *12-15 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op.) (sufficiency under 161.001(1)(K)).

The trial court also found clear and convincing proof that termination was in the best interests of the children.  *In re R.R.,* 209 S.W.3d 112, 116 (Tex. 2006); TEX. FAM. CODE ANN. § 263.307(a) (West 2014); *see also In the Interest of A.C.B.,* 198 S.W.3d 294, 298 (Tex. App.—Amarillo 2006, no pet.).  An affidavit of relinquishment, in and of itself, can provide sufficient evidence that termination is in a child's best interests. *In re C.E.,* No. 02-14-00054-CV, 2014 Tex. App. LEXIS 8694, at *8-9.  In conjunction with the

affidavit here, the trial court heard evidence that C.F. performed some of the services required in his service plan for return of his children but also admitted to use of methamphetamine on multiple occasions and was incarcerated several times, including at the time of the final hearing. The court also had before it evidence of the children's placement with their grandparents and the caseworker's opinion that the children "are doing really well there." We thus agree with counsel there are no arguably meritorious grounds for appeal on this point.

Counsel raises a third issue, potential ineffective assistance of counsel, in his *Anders* brief. We have considered this issue and on the record before us, we cannot find any arguably meritorious appellate grounds on this point. *See Salinas v. State,* 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (describing standard for establishing claim of ineffective assistance of counsel); *see also Flores v. State,* No. 07-12-00072-CR, 2012 Tex. App. LEXIS 9146, at *5 (Tex. App.—Amarillo Nov. 5, 2012, no pet.) (mem. op.).

As required, we have independently examined the entire record and counsel's brief to determine whether there are any non-frivolous issues which might support the appeal. *Stafford,* 813 S.W.2d at 511. We agree with counsel there are none. Accordingly, counsel's motion to withdraw is granted and the trial court's order terminating the parental rights of C.F. to his children Z.F. and Z.F. is affirmed.

James T. Campbell
Justice

5